**Electronically Filed
Intermediate Court of Appeals
30683
30-MAY-2012
08:22 AM**

NO. 30683

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STACEY COSTALES,
Plaintiff-Appellant/Cross-Appellee,
v.
SCOTT ROSETE, in his official and individual capacity,
Defendant-Appellee/Cross-Appellant,
and
MELVIN ANDO, in his official and individual capacity;
GLENN YOSHIMOTO, in his official and individual capacity;
STATE OF HAWAI'I; DEPARTMENT OF HUMAN SERVICES;
OFFICE OF YOUTH SERVICES,
Defendants-Appellees/Cross-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; and DOE ENTITIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-2360)


MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Leonard, JJ.)


Plaintiff-Appellant/Cross-Appellee Stacey Costales
(Costales) appeals from the following orders entered in the
Circuit Court of the First Circuit[1] (circuit court):

_____

[1] The Honorable Victoria S. Marks presided at the trial and issued
the Final Judgment. Effective January 28, 2010, the case was reassigned to
the Honorable Rhonda A. Nishimura, who issued the subsequent orders now being
appealed.

(1) "Order Granting Defendant Rosete's, in His Individual Capacity, Joinder in Defendants Scott Rosete, in his official capacity, Melvin Ando, Glenn Yoshimoto, State of Hawaii, Department of Human Services, and Office of Youth Services' Motion for New Trial, File-Stamped March 9, 2010, Filed March 15, 2010," filed June 2, 2010;

(2) "Order Granting in Part and Denying in Part Defendant Rosete's, in His Individual Capacity, Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial, Filed March 8, 2010, and Vacating Final Judgment Entered February 25, 2010," filed June 2, 2010;

(3) "Order Denying Plaintiff's Motion for Reconsideration of the Order Granting in Part and Denying in Part Defendant Rosete's, in His Individual Capacity, Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial, Filed March 8, 2010, and Vacating Final Judgment Entered February 25, 2010 Filed June 2, 2010, Filed June 10, 2010," filed July 1, 2010; and

(4) "Order Denying Plaintiff's Motion for Reconsideration of the Order Granting Defendants Scott Rosete, in his official capacity, Melvin Ando, Glenn Yoshimoto, State of Hawaii, Department of Human Services, and Office of Youth Services' Motion for New Trial," filed July 6, 2010.

These orders were entered pursuant to the Final Judgment entered February 25, 2010. The orders denied Costales' motions for reconsideration and granted post-judgment motions of (1) Defendant-Appellee/Cross-Appellant Scott Rosete (Rosete), in his individual capacity and (2) Defendants-Appellees/Cross-Appellants Rosete, in his official capacity, Melvin Ando (Ando), Glenn Yoshimoto (Yoshimoto), State of Hawai'i, Department of Human Services (DHS), and Office of Youth Services (OYS) (collectively, Government Defendants) to (a) vacate a prior judgment in favor of Costales and (b) hold a new trial.

Rosete, in his individual capacity, cross-appeals from

(1) Final Judgment, filed on February 25, 2010; and

2

(2) "Order Granting in Part and Denying in Part Defendant Rosete's, In His Individual Capacity, Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial, Filed March 8, 2010, and Vacating Final Judgment Entered February 25, 2010," filed June 2, 2010.

The Government Defendants cross-appeal from

(1) "Order Denying Defendants Melvin Ando, Glenn Yoshimoto, State of Hawaii, Department of Human Services, and Office of Youth Services' Motion to Dismiss Complaint, Filed January 17, 2008," filed on February 14, 2008;

(2) "Order Denying Defendants Melvin Ando and Glenn Yoshimoto's Motion for Summary Judgment, Filed July 28, 2009," filed on October 7, 2009;

(3) "Order Granting in Part and Denying in Part [Government Defendants'] Motion in Limine to Preclude the Introduction of Evidence Regarding Other Lawsuits Involving the Defendants," filed on October 7, 2009;

(4) "Order Granting in Part and Denying in Part [Government Defendants'] Motion in Limine to Preclude the Introduction of Evidence Regarding Department of Justice Investigation," filed on October 7, 2009;

(5) Special Verdict Form, filed on November 3, 2009;

(6) "Findings of Fact and Conclusions of Law; Exhibit '1'," filed on February 25, 2010;

(7) Final Judgment, filed on February 25, 2010; and

(8) "Order Granting Plaintiff's Motion for Interlocutory Appeal of the Order Granting [Government Defendants'] Motion for New Trial and Vacating Final Judgment Entered February 25, 2010, Filed June 1, 2010, Filed July 1, 2010," filed on August 27, 2010.

On appeal, Costales contends the circuit court erred

(1) by finding that an irreconcilable conflict existed in the jury's answers sufficient to warrant a new trial;

(2) by denying Costales' "Motion for Reconsideration of the Order Granting [Government Defendants'] Motion for New

Trial, Filed June 1, 2010" (Motion for Reconsideration of June 1, 2010 Order Granting New Trial) and "Motion for Reconsideration of the Order Granting in Part and Denying in Part Defendant Rosete's, In His Individual Capacity, Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial, Filed March 8, 2010, and Vacating Final Judgment Entered February 25, 2010, Filed June 2, 2010" (Motion for Reconsideration of June 2, 2010 Order Granting New Trial);

(3) by failing to limit the issues at trial when ordering a new trial; and

(4) by ordering a new trial based solely on the issue of the allocation of damages among Government Defendants when the defendants were jointly and severally liable.

On cross-appeal, Rosete contends the circuit court erred

(1) by admitting evidence of the Government Defendants' prior and subsequent bad acts;

(2) by admitting deposition testimony of an OYS employee stemming from an unrelated case when Rosete had no representation at the employee's deposition;

(3) by failing to recognize that the proper grounds for granting a new trial was the fundamental unfairness of the first trial; and

(4) by failing to recognize that a new trial was necessary because Hawaii Revised Statutes (HRS) § 662-10 (1993) precludes judgment against the State of Hawai'i and Rosete, in his individual capacity.

On cross-appeal, Government Defendants contend the circuit court erred

(1) by denying Government Defendants' January 17, 2008 Motion to Dismiss Complaint when Costales' claims were barred by the statute of limitations pursuant to HRS § 662-4 (1993);

(2) by denying Ando's and Yoshimoto's July 28, 2009 Motion for Summary Judgment;

4

(3) by admitting evidence of other lawsuits that involved Government Defendants; and

(4) by admitting portions of the Department of Justice's (DOJ) August 4, 2005 report of its investigation of the Hawai'i Youth Correctional Facility (HYCF).

## I.   BACKGROUND

This appeal arises from Costales' claim of being repeatedly sexually assaulted in January and February 2002 by Rosete while Costales was a minor and incarcerated at HYCF as a custodial ward of the State of Hawai'i.  At the time of the alleged sexual assaults, Rosete was under the supervision of HYCF Correction Supervisor Yoshimoto and HYCF Administrator Ando.  The State of Hawai'i and its agencies, DHS and OYS (collectively, the State) were responsible for the operation, management, and administration of HYCF.

On December 13, 2007, Costales filed her complaint, asserting claims for assault and battery, negligence, intentional and negligent infliction of emotional distress, and punitive damages.

On February 14, 2008, the circuit court denied Government Defendants' Motion to Dismiss.  On October 7, 2009, the circuit court denied Ando's and Yoshimoto's Motion for Summary Judgment, in which they had argued they were entitled to qualified immunity.

Before the start of trial, Government Defendants submitted several motions in limine, including (1) a motion to preclude the introduction of evidence regarding the DOJ investigation of HYCF and (2) a motion to preclude the introduction of evidence regarding other lawsuits involving the Government Defendants.  Both motions were granted in part and denied in part.

On November 3, 2009, the jury returned a special verdict in favor of Costales.  The jury allocated fault as follows: 62% to Rosete, 9% to Ando, 15% to Yoshimoto, and 14% to the State.  The jury awarded general damages to Costales in the

following amounts: $200,000 from Rosete in his official capacity and $200,000 in his individual capacity, $100,000 from Ando in his official capacity and $50,000 in his individual capacity, $150,000 from Yoshimoto in his official capacity and $150,000 in his individual capacity, and $300,000 from the State.

On March 8, 2010, Rosete, in his individual capacity, filed his "Motion For Judgment As A Matter of Law and Alternative Motion For a New Trial." On March 9, 2010, Government Defendants filed their Motion For A New Trial. On June 1, 2010, the circuit court granted Government Defendants' motion for a new trial (June 1, 2010 Order Granting New Trial). On June 2, 2010, the circuit court denied Rosete's motion for judgment as a matter of law, but granted his alternative motion for a new trial (June 2, 2010 Order Granting New Trial).

On June 9, 2010, Costales filed her Motion for Reconsideration of June 1, 2010 Order Granting New Trial. On June 10, 2010, Costales filed her Motion for Reconsideration of June 2, 2010 Order Granting New Trial. The circuit court denied both motions for reconsideration.

On June 30, 2010, Costales filed a motion for interlocutory appeal of the June 1, 2010 Order Granting New Trial. On July 1, 2010, Costales filed a motion for interlocutory appeal of the June 2, 2010 Order Granting New Trial. On August 27, 2010, the circuit court granted Costales' motions for interlocutory appeal. On August 17, 2010, Costales timely appealed. On August 31, 2010, Rosete filed his notice of cross-appeal and on the same day, Government Defendants filed their notice of cross-appeal.

## II.   STANDARDS OF REVIEW

### A.   Motion For a New Trial

"Both the grant and the denial of a motion for new trial is within the trial court's discretion, and [the appellate court] will not reverse that decision absent a clear abuse of discretion." Kawamata Farms, Inc. v. United Agri Products, 86

Hawai'i 214, 251, 948 P.2d 1055, 1092 (1997) (internal quotation marks and citation omitted). "A court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party." Abastillas v. Kekona, 87 Hawai'i 446, 449, 958 P.2d 1136, 1139 (1998) (internal quotation marks, citation, and ellipsis omitted).

### B.    Motion to Dismiss

"A trial court's ruling on a motion to dismiss is reviewed de novo." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

### C.    Admissibility

"A trial court's determination that evidence is 'relevant' within the meaning of HRE [Hawaii Rules of Evidence] Rule 401 (1993) is reviewed under the right/wrong standard of review." State v. St. Clair, 101 Hawai'i 280, 286, 67 P.3d 779, 785 (2003).

HRE Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible."

Both rules are subject to HRE Rule 403, however, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Whether relevant evidence is admissible under Rule 403 is a determination well-suited to a circuit court's exercise of discretion because it requires a "cost-benefit calculus" and a "delicate balance between probative value and prejudicial effect." Kaeo v. Davis, 68 Haw. 447, 454, 719 P.2d 387, 392 (1986) (internal quotation marks and citations omitted). Admission of relevant evidence

will be reviewed for an abuse of discretion.  <u>State v. Cordeiro</u>, 99 Hawaiʻi 390, 404, 56 P.3d 692, 706 (2002).

### III.  DISCUSSION

A.   Rosete's and Government Defendants' Cross-Appeals[2]
1.   The circuit court did not err in denying Government Defendants' Motion to Dismiss.

Government Defendants contend that Costales' claims were barred by the two-year statute of limitations imposed on tort claims against the State.  HRS § 662-4 (1993) provides that "[a] tort claim against the State shall be forever barred unless action is begun within two years after the claim accrues, except in the case of a medical tort claim when the limitation of action provisions set forth in section 657-7.3 shall apply."  Government Defendants argue that because Costales alleged in her complaint she was sexually assaulted in January or February of 2002 but her complaint was not filed until December of 2007, more than five years after the alleged assaults took place, the statute of limitations had run.

> Our courts have interpreted the word "accrues" under HRS § 662-4 to mean that the statute does not begin to run until the plaintiff knew or should have known of the defendant's negligence. The Hawaiʻi Supreme Court later interpreted a similar statute of limitations, HRS § 657-7 (1993), to mean that a claim against the State "accrues" when the claimant discovers, or through the use of reasonable diligence should have discovered, (1) the damage; (2) the violation of the duty [to the claimant]; and (3) the causal connection between the violation of the duty and the damage.

<u>Anderson v. State</u>, 88 Hawaiʻi 241, 247, 965 P.2d 783, 789 (1998) (internal citations, quotation marks, and footnote omitted).  The Hawaiʻi Supreme Court has further stated that the issue of when a victim discovered, or should have discovered, his/her injuries or the cause of those injuries is a question of fact for the jury.

---

[2]  This court will first address the arguments of Rosete's and Government Defendants' cross-appeals.  Because many of the points on appeal made by the cross-appellants overlap, the points will be addressed concurrently.

Dunlea v. Dappen, 83 Haw. 28, 36, 924 P.2d 196, 204 (1996), overruled on other grounds by Hac v. Univ. of Hawaiʻi, 102 Hawaiʻi 92, 73 P.3d 46 (2003). In Dunlea, the supreme court vacated the circuit court's dismissal of a childhood sexual abuse claim, concluding that a reasonable jury could have found Dunlea did not discover the source of injuries until decades after the sexual abuse took place. Id.

When a motion to dismiss is reviewed on appeal, an appellate court

> must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief.

Wong v. Cayetano, 111 Hawaiʻi 462, 476, 143 P.3d 1, 15 (2006) (internal quotation marks and citations omitted). Because Costales' allegations and declaration in support thereof, when viewed in the light most favorable to Costales, could prove the claims set forth in the complaint, denial of the motion to dismiss was proper.

   2. **The circuit court did not err in denying Ando's and Yoshimoto's Motion for Summary Judgment.**

Government Defendants argue the circuit court erred in denying Ando's and Yoshimoto's Motion for Summary Judgment because Ando and Yoshimoto have qualified immunity under Towse v. State, 64 Haw. 624, 647 P.2d 696 (1982). In Towse, the Hawaiʻi Supreme Court, citing to Medeiros v. Kondo, 55 Haw. 499, 522 P.2d 1269 (1974), stated that

> non-judicial governmental officials, when acting in the performance of their public duty, enjoy the protection of what has been termed a qualified or conditional privilege. This privilege effectively shields the official from liability, and not from the imposition of the suit itself, to the extent that the privilege is not abused and thereby lost. Hence, we made clear in Kondo, that in order for an action to lie against an official acting under a claim of privilege, it is essential that the injured party allege and prove, to the requisite degree, that the official had been motivated by malice and not by an otherwise proper purpose.

Towse, 64 Haw. at 631-32, 647 P.2d at 702 (internal citations and footnotes omitted).

The supreme court has often articulated that "summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)). In the instant case, there was a genuine issue of material fact as to whether Ando and Yoshimoto acted with malice.

It is undisputed that Costales alleged malice in her complaint. In her opposition to the motion for summary judgment, Costales attached numerous exhibits which raised a genuine issue of material fact as to whether Ando and Yoshimoto acted with malice under the circumstances. The only evidence cited by Ando and Yoshimoto in their motion for summary judgment was deposition testimony from Costales stating she did not believe that Ando and Yoshimoto "wanted something bad" to happen to her. In light of the exhibits presented by Costales, this deposition testimony is not enough to show there was no genuine issue of material fact. Therefore, the circuit court did not err in denying Ando's and Yoshimoto's Motion for Summary Judgment.

3. **The circuit court did not err in allowing evidence of prior and subsequent bad acts of the Government Defendants.**

Rosete and Government Defendants argue the circuit court erroneously admitted evidence of prior bad acts. When judging the admissibility of evidence, "[e]vidence of other similar accidents or occurrences may be relevant circumstantially to show a defective or dangerous condition, notice thereof or causation on the occasion in question." Kaeo, 68 Haw. at 455,

719 P.2d at 393 (internal quotation marks and citation omitted).
Before evidence of previous accidents or occurrence can be
admitted, "it must first be shown . . . that the conditions under
which the alleged previous accidents occurred were the same or
substantially similar to the one in question." Kaeo, 68 Haw. at
456, 719 P.2d at 393 (citation omitted). The degree to which the
conditions must be similar "is much relaxed, however, when the
purpose of the offered evidence is to show notice, since all that
is required here is that the previous accident [or occurrence]
should be such as to attract the defendant's attention to the
dangerous situation which resulted in the litigated accident."
Warshaw v. Rockresorts, Inc, 57 Haw. 645, 652, 562 P.2d 428, 434
(1977)) (internal quotation marks, citation, ellipsis, and
parentheses omitted; brackets added).

> i.    Testimony of Carl Imakyure (Imakyure), Harold
>        Fitchett (Fitchett), Linda Hadley (Hadley), and
>        Yoshimoto

Rosete argues the circuit court erred in admitting the
testimony of Imakyure, Fitchett, Hadley, and Yoshimoto,
contending that the evidence was irrelevant and prejudicial to
Rosete. Whether evidence is admissible under HRE Rule 403 is a
"determination well-suited to a trial court's exercise of
discretion because it requires a cost-benefit calculus and a
delicate balance between probative value and prejudicial effect."
Kaeo, 68 Haw. at 454, 719 P.2d at 392 (1986) (internal quotation
marks and citations omitted). "[E]vidence with a capacity for
unfair prejudice cannot be equated with testimony simply adverse
to the opposing party; for evidence is only material if it is
prejudicial in some relevant respect." Kaeo, 68 Haw. at 454, 719
P.2d at 392. The circuit court did not abuse its discretion in
admitting the testimony of Imakyure, Fitchett, Hadley, and
Yoshimoto.

11

ii. The circuit court did not err in allowing excerpts from the deposition of former HYCF teacher Susan Thain (Thain).

Rosete similarly challenges the admission of Susan Thain's deposition testimony, arguing it prejudiced Rosete. Thain was a teacher at HYCF during the time the alleged sexual assaults took place. She reported "that she heard of verbal, sexual and physical abuse prior to [Costales'] assault." Thain's testimony was limited to issues relevant to the case and to the time period from 1996 to the date of Costales' last alleged assault in 2002. Evidence of the prior similar instances was admissible to show notice. Because Thain's testimony concerned similar instances leading up and prior to Costales' assault, the circuit court did not abuse its discretion in admitting Thain's deposition testimony.

iii. The circuit court did not err in allowing excerpts from the deposition of former HYCF guard Lia O'lione (O'lione).

Rosete and Government Defendants argue the circuit court erred in allowing the deposition testimony of former HYCF guard O'lione. Government Defendants contend that when the circuit court initially granted in part and denied in part their motion in limine, it ruled that evidence concerning Government Defendants' other lawsuits was not admissible. Government Defendants argue the circuit court erred by later reversing its order at trial. However, "[c]ourts can initially rule on a motion in limine and reverse themselves where, for example, the party seeking to exclude evidence 'opens the door' to the evidence initially excluded." Barcai v. Betwee, 98 Hawai'i 470, 494 n.3, 50 P.3d 946, 970 n.3 (2002).

At trial, Yoshimoto acknowledged that O'lione, an officer under his supervision, had been charged and convicted of a 2003 sexual assault of another HYCF ward, thereby opening the

door to further exploration of this assault. Because Yoshimoto opened the door to the occurrence of a subsequent sexual assault, the circuit court did not err in allowing evidence of that assault.

### iv. Evidence of the Government Defendants' bad acts was not overly prejudicial.

Rosete contends that evidence of Government Defendants' prior bad acts was unfairly prejudicial to him. When the circuit court gave its jury instructions, it told the jury to consider the evidence against each defendant separately. Specifically, the jury instruction read: "[E]ach defendant in this case has separate and distinct rights. You must decide the case of each defendant separately, as if it were a separate lawsuit." Because Rosete failed to show how evidence of Government Defendants' prior bad acts prejudiced him and because "jurors are presumed to follow the court's instructions," we conclude the evidence of the prior bad acts was not overly prejudicial and circuit court did not err in admitting the prior bad act evidence. State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001).

### 4. The circuit court did not err in allowing excerpts of the DOJ's report.

Government Defendants contend the circuit court erred in admitting DOJ's August 4, 2005 report (Report) regarding its 2004-05 investigation of HYCF. Government Defendants argue the Report discussed events that took place after the alleged assault by Rosete, and as such, would not serve to give notice of that assault.

Costales correctly points out the Report contains information of events that occurred both prior to and after the alleged 2002 sexual assaults. Costales also correctly points out that circuit court limited evidence to those portions of the Report relevant to the instant case.

13

Furthermore, the admissibility of this very Report has been ruled on in the United States District Court for the District of Hawai'i (District Court) under similar circumstances. In <u>R.G. v. Koller</u>, 415 F.Supp.2d 1129, 1133 n.1 (D. Haw. 2006), the District Court found that

> The DOJ Report, admissible pursuant to Fed.R.Evid. 803(8), makes detailed factual findings regarding the conditions, policies, patterns and practices at HYCF as of October 2004. Those findings are the result of a thorough on-site investigation by neutral investigators from a government agency charged with the responsibility of seeking "remedies for any pattern or practice of conduct that violates the constitutional or federal statutory rights of children in juvenile justice institutions."

(citation omitted). While the events in dispute in <u>Koller</u> occurred after the Report was completed, the issue of admissibility is analogous to the present case. Because the Report contained facts of incidents prior to the Costales assault and provided a description of conditions during that time period, the circuit court did not err in ruling that portions of the Report were both relevant and admissible.

**5. The jury was not confused.**

Rosete contends the special verdict by the jury rendered "two conflicting and irreconcilable allocations of liability and damages as between the defendants," thus demonstrating the jury's confusion. Rosete argues that the disparity between the jury's finding that negligence by Government Defendants caused 82% of the general damages but the intentional tort by Rosete caused only 18% of the general damages was evidence of the jury's confusion. Rosete cites to no authority stating that an intentional tortfeasor must bear a greater percent of the fault then a negligent tortfeasor.

**6. HRS § 662-10 does not preclude judgment against both the State of Hawai'i and Rosete in his individual capacity.**

14

Rosete contends that HRS § 662-10 precludes judgment against Rosete in his individual capacity when there also has been a judgment against Government Defendants. HRS § 662-10 states that "[t]he judgment in an action under this chapter shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the State whose act or omission gave rise to the claim." Plainly read, the statute precludes subsequent claims on the same subject matter, but does not bar claims against multiple defendants.

28 U.S.C. § 2676 is similar to HRS § 662-10, providing that "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." The United States Court of Appeals for the Fifth Circuit has held that "§ 2676 is applicable only after a plaintiff obtains a judgment against the United States. In this case the judgment against the United States was entered at the same time as the judgment against the individual. Therefore, the individual defendants could not have plead § 2676 as an affirmative defense." Rodriguez v. Handy, 873 F.2d 814, 816 n.1 (5th Cir. 1989). Because the judgment against Rosete was entered at the same time as the judgment against Government Defendants, HRS § 662-10 does not bar judgment against either Rosete or Government Defendants.

**B. Costales' Appeal**

On appeal, Costales challenges the circuit court's granting of Rosete's and Government Defendants' motions for a new trial.

1. **The circuit court did not err in finding that an irreconcilable conflict existed in the jury's answers on the special verdict form.**

Costales argues the circuit court erred when it found that "an irreconcilable conflict exists between the jury's answers in the percentage allocation of fault amongst the defendants and the monetary damages allocated amongst the defendants." The Hawai‘i Supreme Court has held that "a conflict in the jury's answers to questions in a special verdict will warrant a new trial only if those answers are irreconcilably inconsistent, and the verdict will not be disturbed if the answers can be reconciled under any theory." Miyamoto v. Lum, 104 Hawai‘i 1, 8, 84 P.3d 509, 516 (2004) (internal quotation marks, brackets, and citation omitted). "It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury . . . necessarily requires the entry of a judgment different from that which the court has entered." Id. at 9, 84 P.3d at 517 (quoting Vieau v. City & Cnty. of Honolulu, 3 Haw. App. 492, 499, 653 P.2d 1161, 1166 (1982) (citation omitted). In Miyamoto, the court concluded that a jury's finding that a defendant was not the legal cause of patient's injuries was irreconcilably inconsistent with an award of $18,446 in damages. Id.

The conflict in the present case is likewise irreconcilably inconsistent. The percentages of fault as assigned under question 10 in the special verdict form are substantially different from the percentages of damages as assigned under question 12. Of the total general damages awarded, Rosete's share equals approximately 35%, Ando's share approximately 13%, Yoshimoto's share approximately 26%, and the State's share approximately 26%. These percentages differ greatly from the percentages of fault assigned under question 10, which found Rosete's share to be 62%, Ando's share 9%, Yoshimoto's share 15%, and the State's share 14%. Thus, under the standard in Miyamoto, to apply the answers in question 10 and

16

ignore the answers in question 12 would "require the entry of judgment different from that which the court has entered." Id. The circuit court did not err in finding an irreconcilable conflict in the jury's answers.

> 2. **The dismissed jurors' declarations were precluded from consideration by the circuit court.**

Costales contends the circuit court erred in denying her motions for reconsideration of the orders for a new trial in light of declarations by the former jurors stating the intent of the jury. Costales argues that the declarations clarify it was the intent of the jury to declare Rosete and Government Defendants "liable to [Costales] to the extent of the dollar amounts indicated in the answers to question 12," not to the percentage of fault allocated in the answers to question 10.

HRE Rule 606(b) states:

> **Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify concerning the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. Nor may the juror's affidavit or evidence of any statement by the juror indicating an effect of this kind be received.

The commentary to HRE Rule 606 explains that "[t]he intent of this subsection is to strike a proper balance by excluding testimony relating to the internal deliberative process and allowing testimony about objective misconduct and irregularities." HRE Rule 606 cmt.

By asking the circuit court to consider the declarations of the former jurors, Costales was asking the circuit court to determine the intent of the jury and to choose one verdict (the answers to question 12) over another (the answers to question 10). Such a determination would be contrary to HRE Rule 606; therefore, the circuit court did not err in

17

denying Costales' motions for reconsideration to the extent of not considering the dismissed jurors' declarations.

### 3. Joint and several liability does not apply.

Costales contends that a new trial to determine the allocation of money damages among Rosete, Yoshimoto, and Ando is not necessary because they are jointly and severally liable with the State.

HRS § 663-10.5 (Supp. 2011) abolished joint and several liability for the State:

> Any other law to the contrary notwithstanding, including but not limited to sections 663-10.9, 663-11 to 663-13, 663-16, 663-17, and 663-31, in any case where a government entity is determined to be a tortfeasor along with one or more other tortfeasors, the government entity shall be liable for no more than that percentage share of the damages attributable to the government entity; provided that joint and several liability shall be retained for tort claims relating to the maintenance and design of highways pursuant to section 663-10.9.

Because HRS § 663-10.5 bars the application of joint and several liability in the present case, Rosete alone is liable for the general damages the jury awarded against him.

### 4. The circuit court erred in denying Costales' motions for reconsideration to limit the issues in a new trial.

Costales contends the circuit court erred in denying her motions for reconsideration insofar as limiting the new trial to the allocation of damages among the defendants. Costales argues the denial of the motions was in error because Rosete and Government Defendants do not dispute that the combined fault was 100% nor argue that the award of damages was unreasonable.

### i. The motion for reconsideration timely raised the issue of limiting the scope of the new trial.

In response to Costales' argument, Rosete and Government Defendants argue Costales' request to limit the issue in the new trial to the allocation of damages was untimely because the request should have been raised in the prior

proceedings. They contend Costales raised this argument for the first time in her motions for reconsideration and argue that a party is not allowed to raise new arguments that could have been brought earlier.

A motion for reconsideration allows "the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) (internal quotation marks and citation omitted).

Costales' request to limit the issues at a new trial "could not have been presented during the earlier adjudicated motion" because, until a new trial was granted, there was no call for a request to limit issues at a new trial. Wailea Elua, 100 Hawai'i at 110, 58 P.3d at 621. Therefore, Costales' motions for reconsideration were timely filed pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 59(e).

**ii. The circuit court erred in not limiting the new trial to the issue of damages.**

"As a general matter, the granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion." State v. Yamada, 108 Hawai'i 474, 478, 122 P.3d 254, 258 (2005). It is also within the court's discretion to limit a new trial to the question of damages. Cozine v. Hawaiian Catamaran, Ltd, 49 Haw. 267, 268, 414 P.2d 428, 429 (1966) (citations omitted).

In Dias v. Vanek, 67 Haw. 114, 118, 679 P.2d 133, 136 (1984), the Hawai'i Supreme Court concluded that "[t]he preferred remedy of an ambiguous verdict is to have the jurors return to clarify the verdict. Here, the jury had been discharged, and the

only available remedy is a remand for a new trial limited to the issue of damages[.]"

The circuit court, in granting Rosete's and Government Defendants' motions for a new trial, stated "[t]he court finds that an irreconcilable conflict exists between the jury's answers in the percentage allocation of fault amongst the defendants and the monetary damages allocated amongst the defendants." The circuit court ignored the supreme court's conclusion in Dias that the preferred remedy for such a verdict is a new trial limited to the issue of damages. By not limiting the new trial to the issue of the allocation of fault and damages among the defendants, the circuit court erred.

## IV.  CONCLUSION

The (1) "Order Granting Defendant Rosete's, in His Individual Capacity, Joinder in Defendants Scott Rosete, in his official capacity, Melvin Ando, Glenn Yoshimoto, State of Hawaii, Department of Human Services, and Office of Youth Services' Motion for New Trial, File-Stamped March 9, 2010, Filed March 15, 2010," filed June 2, 2010; (2) "Order Granting in Part and Denying in Part Defendant Rosete's, in His Individual Capacity, Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial, Filed March 8, 2010, and Vacating Final Judgment Entered February 25, 2010," filed June 2, 2010; (3) "Order Denying Plaintiff's Motion for Reconsideration of the Order Granting in Part and Denying in Part Defendant Rosete's, in His Individual Capacity, Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial, Filed March 8, 2010, and Vacating Final Judgment Entered February 25, 2010 Filed June 2, 2010, Filed June 10, 2010," filed July 1, 2010; and (4) "Order Denying Plaintiff's Motion for Reconsideration of the Order Granting Defendants Scott Rosete, in his official capacity, Melvin Ando, Glenn Yoshimoto, State of Hawaii, Department of Human Services, and Office of Youth Services' Motion for New

20

Trial," filed July 6, 2010, all entered in the Circuit Court of the First Circuit, are hereby vacated and this case is remanded for a new trial limited to the allocation of fault and damages among the defendants.

DATED: Honolulu, Hawai'i, May 30, 2012.

On the briefs:

Sue V. Hansen
Charles W. Crumpton
(Crumpton & Hansen)
for Plaintiff-Appellant/
Cross-Appellee Stacey Costales.

*Daniel R. Foley*

Presiding Judge

C. Bryan Fitzgerald
Deborah Day Emerson
Deputy Attorneys General
for Defendant-Appellee/
Cross-Appellant Scott Rosete,
in his individual capacity.

Associate Judge

Caron M. Inagaki
Kendall J. Moser
Deputy Attorneys General
for Defendants-Appellees/
Cross-Appellants Scott Rosete,
in his official capacity,
Melvin Ando, Glenn Yoshimoto,
State of Hawai'i, Department of
Human Services, and Office of
Youth Services.

Associate Judge

21